Your Honor, this is the second case of the morning, Clause 208-773, People of the State of Illinois v. Thomas R. Mescall, on behalf of the Ethel Watt, Ms. Yasmin, and the team, on behalf of the athlete, Ms. Joan M. Griffin. Good morning, counsel. And how do you pronounce your last name? Ekun. Ekun. Good morning, Ms. Ekun. Good morning, Your Honors. I'm here on behalf of Mr. Mescall. The issue here is whether Mr. Mescall's pro se, post-conviction petition raised the gist of a meritorious claim so that it should have survived summary dismissal. The first of his claims is that his trial and appellate attorneys were ineffective for failing to argue that the trial court erred in imposing mandatory consecutive sentences. Now, in Hodges, the Supreme Court set forth the standard for evaluating the merits of such a claim. In determining whether a petition is frivolous or patently without merit, the question is whether the petition has no arguable basis in law or fact. And no basis in the law means that it's based on an indisputable, meritless legal theory. The no basis in fact means that it's based on a fanciful factual allegation, meaning fantastic or delusional. And then under this standard, a petition alleging ineffective assistance of counsel should not be dismissed if it is arguable that counsel's performance fell below an objective standard of reasonableness and it is arguable that the defendant was prejudiced. The trial court found that the petition stated mere conclusions. Can you respond to that? Sure, Your Honor. Well, first of all, the trial court considered only the post-conviction petition. And as to the first claim, for instance, in the post-conviction petition, Mr. Meskal alleged specifically that the trial court erred in that his consecutive sentences were improper because there was not evidence of a single course of conduct. That liberally construed and with the record supports the gist of a claim that the consecutive sentences were improper in this case. I thought the claim was that the trial court did not conduct a fact finding as it related to one single course of conduct. Well, the actual allegation is that his attorneys were ineffective for not raising this issue that the sentences were improperly imposed. Literally, he said that the trial court didn't make a finding of single course of conduct, but if you look at the record, which the post-conviction court was supposed to do, look at the record in light of that allegation, it clearly supports the finding that, in fact, he was improperly sentenced to mandatory consecutive sentences based on misunderstanding by both parties and the trial court. And liberally construed, which is how the petition has to be interpreted at this stage of the proceedings, he does state the gist of a meritorious claim. If you read it literally and narrowly, I suppose that the trial court could make this finding that literally his claim is that the trial court didn't make a finding of single course of conduct. But that's not what Hodges instructs to do. Hodges instructs that you look at the petition in light of the record. This is a pro se defendant who only has to plead the gist of a claim, not a fully pled claim. He's not expected to know all the elements of his legal claim. So here, the post-conviction court erred in not finding the gist of a meritorious claim because the allegations and the record show that he was improperly sentenced to consecutive sentences. But isn't this really the same claim that was raised in the 214-01 petition? In fact, this is not the same claim. And why is it not the same claim? Your Honor, there is a second claim, if you would like me to address that. Where Mr. Mescal, in his pro se post-conviction petition, also alleged that his attorneys were ineffective for failing to challenge the defect in the indictment. That claim is not the same because in the 2-1401 petition, Mr. Mescal was claiming that the defective indictment made his convictions void. So he raised it in a 2-1401 petition because his argument was that he could do so because a void conviction can be challenged at any time. And it wasn't subject to the two-year statute of limitations in the 2-1401 petition. As to that claim, this court found that the defect in the indictment, that the indictment was defective. But they referred back to the trial courts finding that there was evidence that some of the acts may have occurred after the effective date of the act. And found that the convictions would have been voidable, not void. And therefore, in the context of a 2-1401 petition, the statute of limitations did apply. But here, this is not the same allegation. This is in a post-conviction petition. Mr. Mescal is alleging ineffective assistance, the constitutional claim that he was deprived his right to the effective assistance of trial counsel and appellate counsel for failing to challenge the indictment and for failing to challenge the fact that the evidence down below never did establish that the acts occurred after the effective date of the act creating the actual offense of predatory criminal sexual assault. So you see the context is really being very different. Yes. Yes. Was the sentence statute amended in the time frame that you referenced? The consecutive sentencing statute, Your Honor? Yes, it was. It was amended. Did that implicate anything? No, because Mr. Mescal was entitled to be sentenced under the statute in effect at the time of the offenses. And at the time of the offenses, consecutive sentences were mandatory only if the evidence established a single course of conduct. Did Mr. Mescal allege that his counsel was ineffective for requesting or demanding being sentenced under the original or the earlier statute? He alleged that his attorney was ineffective for failing to make that argument at all and for allowing him to be sentenced to mandatory consecutive sentences when, in fact, he wasn't even subject to those mandatory consecutive sentences. Was the earlier statute more lenient? Yes, because under the earlier statute, the evidence would have had to have established a single course of conduct. Here, the evidence doesn't establish a single course of conduct. And therefore, under cases like Bohl and Pence and Falcon that I cite in the brief, Mr. Mescal's consecutive sentences should have been vacated, and he would have been resentenced where the court would have the discretion to impose consecutive sentences. But there's nothing in the record where we can presume that that's what would have happened in this case. So you're talking about the difference between mandatory consecutive sentences being imposed upon Mr. Mescal versus a sentencing hearing where the court could look at everything and decide not to impose consecutive sentences in his discretion. There were two different judges involved, right? One was involved in sentencing and another one on the post-conviction petition, correct? That's right, Your Honor. So it's even harder to make that assumption. That's right, Your Honor. And, in fact, the facts here show that Mr. Mescal's claim that consecutive sentences were improper has a factual basis. It has an arguable factual basis because the charges didn't indicate a single course of conduct in this case. There were four counts of predatory criminal sexual assault. They were against two separate victims. Two counts were against one girl, two counts were against her sister, but each count described a separate act of criminal sexual assault. The charges didn't indicate a specific time or date that the acts were committed. Instead, the offenses allegedly occurred during this very wide time span between June 1995 and September 1996. At trial, the victims testified generally about the acts. However, they never indicated whether or not these acts occurred during a single incident. And the jury returned a general verdict of guilty on all four counts of predatory criminal sexual assault. They were not required to make a finding that the acts occurred on the same date or were as part of the same incident. And, in fact, they were instructed that the state was not required to prove the offenses were committed on a particular date. So the language of the information, the evidence at trial, the general verdict, none of these permitted a finding that the acts were committed during a single course of conduct. And Mr. Meskel's pro se claim that he was improperly sentenced based on the fact that there was no single course of conduct is supported by the facts. It's also supported by the law. Under circumstances similar to here, in Pence and Falcon cited in my brief, the state's theory was that the defendant committed several acts of criminal sexual assault during a wide time span. And in those cases, the appellate court found that the evidence made it impossible to determine whether the acts occurred during a single course of conduct. And they filed a bill to remand, to vacate the defendant's sentences, mandatory consecutive sentences, and remanded for a new sentencing hearing to give the trial court discretion as to whether to impose such sentences. So the facts and the law, Mr. Meskel has clearly proved that he has an arguable basis in the facts and the law that he was improperly sentenced to consecutive sentences. And that his attorneys were ineffective for failing to raise this issue because had they done so, he would have had the opportunity to be sentenced to discretionary. It may have not, consecutive sentences, it may have not received them at all. So for these reasons, we ask that the court reverse the order dismissing his petition and remand for second stage proceedings, including the appointment of counsel. Now that second claim also requires reversal of the summary dismissal order. And as I explained, that claim is in a different context here of ineffective assistance. And again, applying the Hodges standard for ineffective assistance, the claim is arguable both in the facts and the law. First, in his previous decision on that 2-1401 petition, this court found that the charging instrument was defective because it charged four counts of predatory criminal sexual assault at a time when there was no offense of predatory criminal sexual assault. And in his pro se petition, Mr. Meskel also argued that his appellate attorney was ineffective for failing to argue that there was no testimony of the specific date or time when the crime was to have occurred. And to this day, there is a question of fact as to whether the acts occurred after the effective date of the act. Neither of the victims could specify, neither of the girls, Ashley or Shannon, could specify the year in which the abuse occurred to them. Both girls testified that that acts happened when it was warm up, but that could have been either in the summer of 1995 or the summer of 1996. Now, Shannon testified she thought it happened when she was in second grade, which places it more in 1996. But when her brother was interviewed by Julie Rilett from DCFS on October of 1996, he told her the acts actually occurred in the previous year, which placed the acts before the effective date. And Shannon had said that her brothers and sisters were with her every time one of the acts occurred. Rilett herself, who interviewed all of the minors, dismissed their ability to accurately describe when exactly these acts happened. She testified that, quote, kids don't know times or dates, quote, kids are terrible at times and dates, and that they didn't have the concept of times and dates. And in fact, other third party witnesses suggest that the charged acts occurred before the effective date of the statute creating the offense. Dr. Davis was the one who examined the girls in November of 1996. This claim clearly was just basically a contention in Ground 1A, just a mere conclusion, was it not? I mean, the other claim regarding the sentencing had a follow-up to it, and that was in Ground 3. But in the petition itself in Ground 1A, that's the only place where this claim appears. And it states appellate counsel and trial counsel failed to challenge the information that was defective that was used against the defendant. Not in what manner it was defective. Well, first, Your Honor, even the post-conviction court, when he ruled on the petition, he even assumed that Mr. Mescal was raising basically in substance the same argument he had raised in his 2-1401, that his indictment was defective for the specific reason that he was charged with an offense that wasn't in effect at the time. And second, Mr. Mescal more specifically elaborated on this claim in his motion to reconsider, and he claimed that direct appeal counsel was ineffective for failing to raise the issue that predatory criminal sexual assault was found to be unconstitutional during most of the time that the crime had occurred and failed to raise the issue that there was no testimony of a specific date or time when the crime was to have occurred. So he did elaborate more on it. And, again, I think the thing with the first and second claims is they're on the record. So, I mean, he triggers looking to the record, and the record clearly supports this claim. And I think it would be inconsistent with Hodges in the more recent case of Brown to just narrowly focus on the exact literal language that Mr. Mescal claimed in his petition, ignore the record, and to say that's conclusory. I mean, these are claims that are in the record, and I think that the language he uses, it might not be he's not a master wordsmith, but they clearly trigger a review of the record, and the record clearly supports his claims. Your Honors, I would just say the law also supports Mr. Mescal's claim that he was prejudiced by counsel's failure to challenge the defective indictment. If you look at Wasson, in that case, the appellate court decided that the charging instrument was fatally defective and warranted the reversal of the defendant's conviction under circumstances very similar to here. With respect to the jury instruction that was given on dates, defense counsel acquiesced to that, did he not? Which, in essence, said you don't have to prove that the offense occurred on a particular date. That was part of this court's analysis in the previous decision, Your Honor, and if he did acquiesce, that's only further proof of his ineffective assistance. But I do have to say that if you really, a close review of Wasson, the issue that in this previous decision, this court indicated that Wasson was a limited, that it was limited to its fact. In fact, if you look at Wasson, the first holding that the appellate court makes is that because the charging instrument was fatally defective, it warranted the reversal of the defendant's conviction. That's their first holding. Then the defendant makes the argument, okay, the defective indictment warrants the reversal of my conviction, and they were going to remand for a new trial. But the defendant also said, you know what, my second argument is that the evidence didn't prove beyond a reasonable doubt that these acts occurred before the effective date. And the appellate court in that case found, well, there's one act where we're going to say that there's enough evidence that it was proven after the effective date. Counsel, excuse me. You will have some time on rebuttal, and I need to give Ms. Kripke her time now. That's fine. I will just stand on my argument in my brief for the third issue and ask that this court reverse the summary dismissal of Mr. Maskell's petition. Thank you. Thank you. Ms. Kripke? Good morning. Good morning. May it please the court, John Kripke on behalf of the people of the state of Illinois. Counsel? This case is before you after the first-stage dismissal of the defendant's post-conviction petition. And before I get to the specific arguments raised in the brief, I wanted to do a very quick review of why we have this, how this post-conviction process is set up. It's under a statute enacted by the legislature which said that the defendant must set forth a petition that must have affidavits or supporting documentation attached to it. It must have them. It's a requirement. And the petition itself must link facts to an argument. It's not incumbent upon the trial court to research the record to find the facts that support the defendant's argument. The defendant must make this linkage for the court. Would you agree that the defendant's motion to reconsider contains such facts? No. I think it contains some – a motion to reconsider. The motion to reconsider is not an amended post-conviction petition. How do you quote Scholark and the other cases that say that the trial court should view the motion to reconsider as an attempt to amend or a motion to amend the petition? I disagree with that. When a motion to reconsider – this court – the trial court ruled on the petition. Any evidence that's presented afterwards, why should the court have to consider it? Where do you put an end to supplying more evidence? In effect, what the defendant really did was file a successive post-conviction petition without asking leave of court. In People v. Brown, which the defendant cites two and says, oh, well, you really should treat it as an amended post-conviction petition, that case was very different because what happened in that case was that the defendant filed the petition without the attachments because he was running short of time. They're going to file something else, filed the amended petition without asking leave of court, and then the court ruled. And the issue on appeal was whether or not they should have considered – the court below should have considered the amended petition because the defendant did not ask leave of court to do that. But that's a different situation than what we have here. Here you have a ruling, and the defendant did not support it with proper evidence. So why should the court then have to undo its ruling because what the defendant said was, oh, I see I didn't put attachments in there. Okay, here's some attachments, and then he put them in. But regardless, the – Is there a distinction in post-conviction petition jurisprudence regarding a dismissal with prejudice or a dismissal without prejudice akin to the civil law? You know, I've never seen the language, it's dismissed with prejudice or dismissed without prejudice. But I think that the Post-Conviction Hearing Act is pretty narrowly written. I mean, you have this stage, you have this stage, you have this stage. This is what you have to do to get over the hurdle to go from the first stage to the second to the third stage. Well, how do you see Hodges fitting in and what Hodges has told us to do? Okay. I disagree with what appellate counsel said that Hodges says because I went back and looked at the language of it. It's on the first page of page 5 of my – of our brief. And actually, it's the 2010 Brown case, which is looking at Hodges. And what Brown – my quote concludes with saying, A claim completely contradicted by the record is an example of indisputably meritless legal theory. And then they go on to say, Fanciful factual allegations include those that are fantastic or delusional. It doesn't say fanciful factual allegations are those that are fantastic or delusional. Because if you said fantastic and delusional as the ones that are – that everything else under the sun is going to come in, because how many people actually file fanciful, you know, fantastic or delusional PC petitions? Granted, there are some out there that sound like it and look like it, and there are people who are very – And there are judges we may have seen. I mean, it's relative. And I'm sure we have all experienced it. But for the most part, the people are not – they're not – the pro se people, even the people represented by counsel, are not necessarily articulate, and they have a grasp of what happened. But if you're going – if – what you can't do is read Hodges to say that's the bar. Anything under fantastic or delusional comes in, because that is not what the case law says. And I think that the courts have been – when people saw that language, they went, Oh, my God, you know, how do we ever compete – how can we ever find something that, you know, won't be kicked – that won't be kicked, you know, won't be included, that won't be taken. And that's not the reason that the Post-Conviction Hearing Act was set up with these three separate stages. If the courts looked at it as only fantastic or delusional, it would just completely erode the first stage. The first stage would go away because everything would come in. And that's not what the legislature intended, and I don't think that's what the Supreme Court intended when it was trying to figure out what – to define what a gist is. More importantly, once the petition comes up to this court, this court must look at the ruling from the trial court and say, Was it right or was it wrong? Appellate counsel, who's representing the defendant after a first-stage dismissal, does not get to amend the pleading, does not get to reframe the pleading, does not get to add other issues that the defendant never raised. That's the job that the appellate – that the trial counsel who's appointed on second stage, they have that ability, but not the appellate counsel. The appellate counsel must take the argument that their defendant presented below and then say to this court, The ruling was wrong. Look at what my person said, and this is why the trial court was wrong. But they don't get to amend it, and our contention is that the appellate counsel, in some of the issues here, has reframed the issues. The first – well, first I want to address the two issues having to do with the sentencing. Both the defendant and appellate counsel have it wrong. When the defendant was – during the pendency of the defendant's trial before sentencing, the consecutive sentencing statute was amended and became more stringent. Because it became more stringent, under the law, a defendant, when a sentencing statute changes during the course of the pendency of the trial, the defendant gets to elect under which statute he's going to be sentenced if the new statute inerts to his benefit. In this case, it was to his detriment. So certainly he doesn't get a choice. So there – and they're wrong on the law in that way. Do you have any authority for what you just said? Because what you just said, it sounds like it has some edges of logic, except that I don't believe that's what the law is. I believe the law gives the defendant the ability to be stupid and allows him to decide which one he wants to be sentenced under. I don't think it says that his decision will be subject to appellate or judicial review and we will decide, rather than he, whether or not his decision was reasonable. You know, I researched this, and I believe in my brief, and I'm not finding it right now, I do cite the case law that says you only get to – it's the statute itself. And the – when I looked at the language of the statute itself and then went through the annotations, the only cases that came back on the annotations were to cases in which the new statute was more – had a more lenient aspect to it, and then they were – then the person was given the ability to elect. Could you explain what you meant by stringent, by the way? Stringent? What happened in the post-conviction in the change in the consecutive sentencing statute is, as it existed at the time the defendant committed the crimes under subsection A, which is the section under which he was sentenced, and he was sentenced. This is part of the record, and the defendant is wrong on this, and the record refutes it absolutely. He was sentenced under the old statute before it was amended, so his whole argument fails because he's wrong. He may have been sentenced incorrectly. The court may have made incorrect assumptions, but he was sentenced under the old statute. The new statute said, after Boal came down from the Supreme Court and from this Court, if someone's committed a sexual assault against somebody in the course of several hours and in between each one went over to the fridge and took out a beer, the way the statute read was there was a break in the activity. It wasn't a continuous course of conduct. Mandatory consecutives were not – you couldn't mandatorily give a consecutive sentence. The new statute said, redefined what a continuous course of conduct was and made it into one act after another, even if the guy goes to get a pop out of the fridge. When you say stringent, what throws me off is I don't know whether you mean that it is more broadly and that it gives the court greater power to sentence someone under most factual circumstances to consecutive sentences or whether it gives the court less power or discretion to do so. Now, did the amendment make it more easily consecutive sentences or did it make it less easy? It made it more – the new statute covered a greater number of scenarios which would make mandatory – which would make consecutive sentencing mandatory. In other ways, different ways in which sexual assaults were perpetrated were – there were more of them that were included in the next statute. But regardless, Justice McLaren, it doesn't really matter because in this case, he wasn't sentenced under the new statute. He was sentenced under the statute that existed at the time he was – he committed the offenses. And that was clear from the record. So, I mean, it's really irrelevant as to what the new statute did or didn't do. He didn't get a chance to elect because it was – he would have had more – he would for sure have been – mandatory consecutive sentences for sure would have been imposed on him had he been sentenced under the new statute. So, what you're saying is he was sentenced under the old statute. He was. For consecutive sentences based upon a continuous transaction. A single course of conduct, yes. A single course of conduct. Right. But in your brief, you say the sentencing hearing was held on August 20th, 1997, and then the amended statute was effective July 22nd, 1997. That doesn't mean – but that doesn't mean they imposed it. That doesn't mean they used it. What do you mean they used it? They. They, the court – the court did not use – from my understanding, the court, if you look at the language of what happened – I thought you said that the new statute wasn't in effect when he was sentenced. I'm sorry. It was in effect at the time of sentencing, but the court did not rely on it. I'm sorry. Okay. The court said that – It was using the old statute. No, but the court said it believed that mandatory – that consecutive sentencing was mandatory in this case. Yes. Okay. And you're saying that the reason the court believed that was because the court was making a finding of continuous course of conduct? The court believed that this was a continuous course of conduct. Even though there was language at the hearing that any predatory offense under the law is consecutive, and that's under the new statute, where any predatory, whether it's a continuous course of conduct or not, under the new statute, is consecutive. Under the old statute, under Bowles, it was only during a continuous course of conduct. And the trial court made a specific statement. This is a predatory case. It's got to be consecutive. That's true, but I don't think anywhere that they said that they were sentencing under the new statute. I think they were – I believe that they were sentencing under the old statute. Let's say they were sentencing under the new statute. If they were sentencing under the new statute, then the sentence was proper. If they were – and if they – and if he – and if they were sentencing under the new statute and they didn't – the defendant – the defendant would not have been – well, no, then that's not correct. But I don't believe that they were sentencing under the new statute. I just don't believe they were. That's right. I understood it when I read the record to understand because nobody said this has changed and this is what we're sentencing under. It appeared to me that they were sentencing under the old statute. Well, the defendant wasn't given – the record doesn't reflect that the defendant was given a choice. That's right. And that is why I presume that they were sentencing under the old statute. It's – that's true. And I always presume – I never once presumed that they were sentencing under the new statute. I always presumed that they were sentencing under the old statute and the court had misinterpreted – wasn't looking at balls. And you believe there was sufficient evidence to establish that there was a single course of conduct? No. I believe the court – if he was – if the court was sentencing under some section A of the old sentencing – of the old statute, of the non-amended statute, in which he said it was mandatory, I think the court was wrong. I absolutely believe the court was wrong. But I don't believe the defendant gets relief because the court was wrong under the circumstances of the way this post-conviction petition was framed. And the – and first of all, I think – You said framed. Did you mean framed or completed? Because to me framed means the gist of the argument. That's right. Completed means maybe – you talk about affidavits not being present. What kind of affidavits should the defendant have presented? I don't think you – well, maybe he could have presented an affidavit from his attorney asking what was going on with the sentencing. That would have helped. Because clearly it's unclear. But the fact with the – with the defendant's argument about how the court sentenced, the defendant on appeal has reframed the argument. First of all, it's very clear that the defendant only said it was the ineffective assistance of my appellate counsel. Repeatedly, counsel said trial and appellate counsel, trial and appellate counsel. They don't get to reframe it to make it look like it's more of an ineffective assistance of counsel argument. But regardless of that, what did the defendant say below? The defendant said in his petition, he said, my appellate counsel was ineffective for failing to raise the issue that the trial court didn't explain why this was a single course of conduct. He never said my trial counsel and my appellate counsel, nor did he ever say my appellate counsel was ineffective for failing to raise the issue that I never was subject to mandatory consecutive sentences under the sentencing statute at the time I convicted the – committed the offenses. He never said I'm not – I was sentenced improperly. He just said the court didn't explain itself. That's a very – it may be a fine line, and it may be hyper-technical. But again, he's got to state the argument, and he's not stating a proper appellate – he's not stating a proper argument that shows ineffective assistance of appellate counsel. So you're saying that this should have been dismissed with prejudice if this were a civil proceeding as opposed to a situation where the trial court might say to the party, what you've stated doesn't state a cause of action, but there are sufficient facts here which, if you hyper-technically recondensed or encapsulated or reconstituted, you probably could state a cause of action, so I'm only going to strike it or dismiss it without prejudice and allow you to plead over. Well, that's not allowed under the Act. It's not allowed under the Act. I mean, I can say yes or no to that, but the fact of the matter is the Act doesn't allow for that. You get one shot at filing a petition, and you better get it right that time. But didn't I just say that if I thought that there was a kernel of truth or that if you reconstituted that you've actually stated a cause of action, that seems to me to be something very parallel or analogous to saying that there is a gist of a constitutional claim here as opposed to saying, I'm sorry, but the demurrer is correct and you haven't stated a cause of action, so I'm going to dismiss it with prejudice. Do you know why or the history behind the Post-Conviction Hearing Act? The history behind it? Yes. The reason why it was enacted, supposedly? No. It was enacted because there was a U.S. Supreme Court dissent, I believe, that criticized the state of Illinois and its process of review of criminal appeals and said that there are so many ways that you can file an appeal that most people, most appellants, lose because they've asked for the wrong relief and the wrong petition or the right petition. It was a conglomeration of gibberish.